1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES LYNN MURRAY, JR., | CASE NO. 15-CV-5720 RJB |
| Petitioner, | 96-CR-5367 RJB |
| v. | ORDER ON MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

11
12
13
14
15
16
17
18
19
20
21
22
23
24

This matter comes before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.  Dkt. 1. The Court has considered the pleadings filed in support of and in opposition to the motion, oral argument, and the remainder of the file herein.

Under 18 U.S.C. § 922(g)(1), it is unlawful for any person who has been "convicted of a crime punishable by imprisonment for a term exceeding one year . . . to possess . . . any firearm." Pursuant to the Armed Career Criminal Act (ACCA), in the case of a person who violates section 922(g), "and has three previous convictions . . . for a violent felony . . . such person shall be . . . imprisoned not less than fifteen years . . . ."  18 U.S.C. § 924(e)(1).  Their term of supervised

1    release is also extended from three years to five years.  18 U.S.C. § 3583(b)(2).  The ACCA

2    defines the term "violent felony" as "any crime punishable by imprisonment for a term

3    exceeding one year . . . that . . . (ii) is burglary . . . *or otherwise involves conduct that presents a*

4    *serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B)(ii)(*emphasis*

5    *added*).  The last portion of the definition, in italics, is referred to as the residual clause, and was

6    held to be unconstitutional under *Johnson v. United States*, 135 S.Ct. 2551 (2015).

7        Petitioner now challenges his enhanced sentence under the ACCA arguing that under

8    *Johnson*, it was unconstitutional.  For the reasons set forth below, his petition should be granted.

9                                    **PROCEDURAL HISTORY**

10       On May 10, 1996, Petitioner Charles Lynn Murray, Jr. was charged by complaint with

11   being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

12   09-cr-5367 RJB, Dkt. 1.  The complaint alleged that the offense involved a disturbance in which

13   two individuals were taken to the hospital with gunshot wounds, one of whom died.  *Id.*

14   Petitioner was arrested and had his initial appearance on May 13, 1996. 09-cr-5367 RJB, Dkt. 5.

15       An Indictment was returned on June 6, 1996, charging Petitioner as being a Felon in

16   Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). 09-cr-5367 RJB,

17   Dkt. 9.  The Indictment alleged that Petitioner had been "convicted of crimes punishable by

18   imprisonment for a term exceeding one year."  *Id.*  The Indictment listed his prior convictions

19   for:

20       Robbery in the Second Degree in the Superior Court of the State of Washington
         for Pierce County, cause Number 90-1-01102-1, with the conviction occurring on
21       May 2, 1990; Burglary in the Second Degree, in the Superior Court of the State of
         Washington for Thurston County, Cause Number 91-1-98-4, with the conviction
22       occurring on April 24, 1991; Assault in the Second Degree, in the Superior Court
         of the State of Washington for Thurston County, Cause Number 91-1-807-1, with
23       the conviction occurring on March 3, 1992; and Tampering with a Witness, in the

24

Superior Court of the State of Washington for Thurston County, Cause Number 94-1-307-4, with the conviction occurring on May 17, 1994.

*Id.*

On August 27, 1996, petitioner pled guilty to being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  09-cr-5367 RJB, Dkt. 18.  Neither party's sentencing memoranda discussed why Petitioner's prior convictions met the ACCA's definition of a violent felony.  The issue was not addressed in the plea agreement, the presentence report or during the sentencing hearing.  The undersigned did not consider whether any of Petitioner's prior convictions were actually "violent felonies" under the ACCA because parties were in agreement.  During the November 26, 1996 sentencing hearing, the undersigned sentenced Petitioner to 210 months of imprisonment to be followed by five years of supervised release. 09-cr-5367 RJB, Dkt. 24, 25, and 26.  Petitioner did not file an appeal.

Petitioner was released from prison on December 13, 2011, and in the fourth year of his supervised release, on April 5, 2015, he was charged by the State of North Carolina with Assault with a Deadly Weapon Inflicting Serious Injury.  As a result, his <u>federal</u> supervised release was revoked, and on October 7, 2015, he was sentenced in federal court to eight months imprisonment for the supervised release violation. He is currently in federal custody serving that sentence.

## PETITION TO VACATE, SET ASIDE OR CORRECT SENTENCE

On October 7, 2015, Petitioner filed this petition, pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody.  15-cv-5720 RJB, Dkt. 1.  Petitioner asserts that his prior conviction for burglary in the second degree, used as a predicate conviction that resulted in his enhanced sentence under the ACCA, is not a "violent felony," and so his five year term of supervised release is an illegal sentence.  *Id.*  Petitioner claims that his

1  sentence is unlawful because it was based on the unconstitutional residual clause of the ACCA as

2  established in *Johnson v. United States*, 135 S.Ct. 2551 (2015).  He argues that, to the extent the

3  government argues that, if an error was made, it was harmless because the Court could rely on

4  the ACCA's categorical or modified categorical approach for a burglary, he asserts: (1) his

5  burglary conviction is not categorically a violent felony; (2) his burglary conviction is not

6  susceptible to the modified categorical approach; (3) even if it were susceptible to the modified

7  categorical approach, the relevant documents do not establish it as a generic burglary; and (4) his

8  maximum sentence was not greater than one year.  15-cv-5720 RJB, Dkt. 6.

9       The government responds and argues that all Petitioner's claims are procedurally

10  defaulted and most are time barred.  Dkt. 9.  It argues that Petitioner has not shown that the

11  residual clause played any role at his sentencing, so he has no claim under Johnson.  *Id.*  Further,

12  it maintains, Petitioner's burglary conviction was "almost certainly" found to be a violent felony

13  because burglary is one of the enumerated violent felonies in the ACCA.  *Id.*  It asserts that

14  because the statutory maximum for Petitioner's burglary conviction was 10 years' imprisonment,

15  it was a felony under the ACCA.  *Id.*

16                          **§ 2255 STANDARD**

17       A prisoner in custody pursuant to a judgment and sentence imposed by the federal court,

18  who claims the right to be released on the ground that the sentence was imposed in violation of

19  the Constitution or laws of the United States, or that the court was without jurisdiction to impose

20  such sentence, or that the sentence was in excess of the maximum authorized by law, or is

21  otherwise subject to collateral attack, may move the court that imposed the sentence to vacate,

22  set aside or correct the sentence.  28 U.S.C. § 2255.

23                          **EVIDENTIARY HEARING**

24

1    Petitioner does not request an evidentiary hearing and the record is sufficient to resolve

2    the issues here.  No evidentiary hearing will be conducted.

3    **PROCEDURAL BARS – TIME BAR AND FAILURE TO APPEAL**

4    Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "a state

5    prisoner ordinarily has one year to file a federal petition for habeas corpus, starting from 'the

6    date on which the judgment became final by the conclusion of direct review or the expiration of

7    the time for seeking such review.'" *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1929 (2013)(*quoting*

8    28 U.S.C. § 2244(d)(1)(A)).  Additionally, claims not raised on direct appeal may be considered

9    procedurally defaulted.  *See Massaro v. United States*, 538 U.S. 500, 504 (2003).

10    "The doctrine barring procedurally defaulted claims from being heard is not without

11    exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the

12    default and prejudice from a violation of federal law." *Martinez v. Ryan*, 132 S. Ct. 1309, 1316

13    (2012).  A narrow exception to the cause requirement is also recognized "where a constitutional

14    violation has probably resulted in the conviction of one who is actually innocent of the

15    substantive offense." *Dretke v. Haley*, 541 U.S. 386, 393 (2004).  "In other words, a credible

16    showing of actual innocence may allow a prisoner to pursue his constitutional claims on the

17    merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins,* 133

18    S.Ct. 1924, 1931 (2013). "This rule, or fundamental miscarriage of justice exception, is grounded

19    in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result

20    in the incarceration of innocent persons." *Id.*  "Actual innocence, if proved, serves as a gateway

21    through which a petitioner may pass whether the impediment is a procedural bar [or] . . .

22    expiration of the statue of limitations. *Id.*, at 1928.  "Prisoners asserting innocence as a gateway

23    to defaulted claims must establish that, in light of new evidence, it is more likely than not that no

24

1  reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Larsen v. Soto*,

2  742 F.3d 1083, 1088 (9th Cir. 2013)(*internal quotations and citations omitted*).

3         Petitioner here argues that he is entitled to be excused from the procedural bars of failing

4  to appeal any of his claims and of failing to raise a majority of his claims within a year because

5  he was "actually innocent" of being an armed career criminal for which he received the sentence

6  enhancement.  15-cv-5720 RJB, Dkt. 6.  Petitioner argues that he "received a sentence for which

7  he was statutorily ineligible" and that "his sentence resulted from a constitutional violation," and

8  so he is "actually innocent."  15-cv-5720 RJB, Dkt. 6.  Petitioner points to *Summers v. Feather*,

9  2015 WL 4663277.   In *Summers*, the petitioner filed a petition under 28 U.S.C. § 2241

10  challenging his sentence under the ACCA.  The *Summers* court found that "[a]n improper ACCA

11  sentence enhancement satisfies the actual innocence requirement of escape hatch jurisdiction [for

12  a § 2241 petition] because the petitioner is actually innocent of being a career offender."  *See*

13  *Summers v. Feather,* 2015 WL 4663277.

14         The government maintains that Petitioner must show that he is actually innocent of the

15  underlying predicate burglary to show "actual innocence" sufficient to excuse the procedural bar.

16  It cites no authority to support this position.  Further, Petitioner challenges his sentence

17  enhancement as an armed career criminal, not the underlying burglary offense.  Although raised

18  in the context of a § 2241 and not a § 2255, the decision in *Summers* is persuasive.

19         Accordingly, to decide if Petitioner received a sentence for which he was statutorily

20  ineligible, and so was actually innocent of being an armed career offender, the ACCA should be

21  examined.

22         To determine whether a past conviction is for a "violent felony" under the ACCA,

23  "courts use what has become known as the 'categorical approach': They compare the elements of

24

1    the statute forming the basis of the defendant's conviction with the elements of the 'generic'

2    crime—i.e., the offense as commonly understood." *Descamps v. United States*, 133 S.Ct. 2276,

3    2281 (2013). "The prior conviction qualifies as an ACCA predicate only if the statute's elements

4    are the same as, or narrower than, those of the generic offense." *Id.*

5        Washington's second degree burglary statute, the crime to which Petitioner pled in 1991,

6    was former RCW 9A.52.030(1), which provided: "[a] person is guilty of burglary in the second

7    degree if, with intent to commit a crime against a person or property therein, he enters or remains

8    unlawfully in a building other than a vehicle." *State v. Deitchler*, 75 Wash. App. 134, 136, 876

9    P.2d 970, 971 (1994)(*quoting* former RCW 9A.52.030(1)). The title further provided:

10       "Building," in addition to its ordinary meaning, includes any dwelling, fenced
        area, vehicle, railway car, cargo container, or any other structure used for lodging
11      of persons or for carrying on business therein, or for the use, sale, or deposit of
        goods; each unit of a building consisting of two or more units separately secured
12      or occupied is a separate building.

13    RCW § 9A.04.110. Generic "burglary" is defined as under federal law as "unlawful or

14    unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.

15    *Descamps*, at 2283. In 2003, the Ninth Circuit held that burglary under Washington law is

16    broader than burglary under federal law, particularly where Washington considers "fenced areas"

17    as a "building." *U.S. v. Wenner*, 351 F.3d 969 (9th Cir. 2003). Washington's burglary statute,

18    then, is not "categorically" a burglary. *Id.* The government argues that the holding in *Wenner* is

19    called into question by *Descamps* and a Ninth Circuit case interpreting *Descamps*, *Rendon v.*

20    *Holder*, 764 F.3d 1077(2014).

21        *Descamps* noted that where a prior conviction is for violating a divisible statute, one "that

22    sets out one or more of the elements in the alternative," for example, a burglary statute involving

23    "entry into a building or an automobile," the "modified categorical approach" is used.

24

1   *Descamps*, at 2281.  Under the modified categorical approach, sentencing courts are permitted

2   "to consult a limited class of documents, such as indictments and jury instructions, to determine

3   which alternative formed the basis of the defendant's prior conviction." *Id.*  "The court can then

4   do what the categorical approach demands: compare the elements of the crime of conviction

5   (including the alternative element used in the case) with the elements of the generic crime." *Id.*

6   The *Descamps* Court held that where a defendant is convicted under an "indivisible statute" "one

7   not containing alternative elements—that criminalizes a broader swath of conduct than the

8   relevant generic offense," sentencing courts may not apply the modified categorical approach.

9   *Id.,* at 2281-82.  In *Rendon v. Holder*, 764 F.3d 1077 (2014) the Ninth Circuit attempted to

10  clarify the test to determine whether a statute was divisible or indivisible.  It noted that "while

11  indivisible statutes may contain multiple, alternative *means* of committing the crime, only

12  divisible statutes contain multiple, alternative *elements* of functionally separate crimes." *Id.*, at

13  1085. The *Rendon* court held that elements are those circumstances upon which the jury must

14  unanimously agree and means are those circumstances on which the jury may disagree and yet

15  still convict.  *Id.*

16          Both *Descamps* and *Rendon* address whether the modified categorical approach may be

17  used.  The government has not shown that the holding in *Wenner,* that the Washington burglary

18  statute is not categorically a burglary under federal law, has been overruled.  At this point, it is

19  still binding Ninth Circuit authority, and this Court must follow it.  Petitioner asserts that the

20  modified categorical approach does not apply because the Washington statute is indivisible.  The

21  government has not contested this issue.  Where a statute is indivisible, the use of the modified

22  categorical approach is unavailable.  *Descamps,* at 2281-82.  Even so, there is no showing that

23  the modified categorical approach would be helpful to the government here.

24

1       Petitioner should be found to be "actually innocent" of being an armed career criminal for

2   the purposes of showing cause and in excusing his procedural default.  Petitioner further has

3   shown prejudice – he was sentenced in excess of the statutory maximum.

4   **<u>DISCUSSION</u>**

5       Under *Johnson*, Petitioner's sentence cannot be based on the residual clause of the

6   ACCA.  For the reasons stated above, Petitioner's enhanced sentence could not be based on the

7   Washington's second degree burglary statute because it is not categorically a burglary pursuant

8   to *Wenner* and because the modified categorical approach does not apply.  Petitioner's petition

9   should be granted because Petitioner has shown that his "sentence was in excess of the maximum

10  authorized by law."  28 U.S.C. § 2255.

11      The undersigned notes that this area of law is a hopeless tangle.  In light of that,

12  adherence should be made "to the time-honored interpretive guideline that uncertainty

13  concerning the ambit of criminal statutes should be resolved in favor of lenity." *United States v.*

14  *Kozminski*, 487 U.S. 931, 952 (1988).  Petitioner's petition should be granted and his sentencing

15  status as an armed career criminal should be vacated.  He should be released from custody and

16  should not serve the remainder of the sentenced imposed for his supervised release violation.

17  The parties should be ordered to file a proposed amended judgment, removing the designation as

18  an armed career criminal, and specifying a sentence of ten years, with a supervised release period

19  of three years.

20  **<u>ORDER</u>**

21      Therefore, it is hereby **ORDERED** that:

22  • Petitioner's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence by a person

23      in federal custody (Dkt. 1) is **GRANTED;**

24

ORDER - 9

1          o   Petitioner's sentencing status as an armed career criminal is **VACATED**;

2          o   Petitioner **SHALL BE RELEASED** forthwith from custody and shall not serve

3           the remainder of the sentenced imposed for his supervised release violation; and

4   •   The parties **SHALL FILE** a proposed amended judgment, removing the designation as

5      an armed career criminal, and specifying a sentence of ten years, with a supervised

6      release period of three years.

7      The Clerk is directed to send uncertified copies of this Order to all counsel of record and

8 to any party appearing pro se at said party's last known address.

9      Dated this 19th day of November, 2015.

10

11

12         ROBERT J. BRYAN
         United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

ORDER - 10